IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-063-N-LMB |
| ) | |
| JOHN CAMPISI, ) | **FINDINGS OF FACT,** |
| ) | **CONCLUSIONS OF LAW, AND** |
| Defendant. ) | **ORDER** |
| ) | |

## I. INTRODUCTION

This action involves a citation issued to Defendant John Campisi ("Defendant"). On April 7, 2008, the United States Attorney filed an Information, charging Defendant with violating a term or condition of a special-use authorization, contract, or approved operating plan. More specifically, the United States Attorney charged Defendant with violating the conditions of a "Forest Products Removal Permit and Cash Receipt" in violation of Title 16, United States Code, Section 551 and Title 36, Code of Federal Regulations, Section 261.10(l). Defendant entered a plea of not guilty and a trial conducted by the Court without a jury was held on April 22, 2008. Michael W. Mitchell, Assistant United States Attorney, represented the United States. Defendant appeared *pro se*.

## II. FINDINGS OF FACT

All findings of fact referred to herein, unless otherwise qualified or limited, have been made applying the beyond a reasonable doubt evidentiary standard governing criminal trials. To

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER - 1**

the extent that any conclusions of law contained herein can be considered to be or are deemed to be findings of fact, they are incorporated by reference into these findings of fact.

Having carefully considered the testimony of all the witnesses called at trial, having thoroughly reviewed, studied, and analyzed all of the exhibits admitted into evidence, and having considered controlling legal authority and the parties' arguments, the Court makes the following Findings of Fact:

1. On September 18, 2007, Idaho State Police Officer Yount observed that Defendant's vehicle was overloaded with wood; he accordingly stopped Defendant's vehicle.

2. Officer Yount cited Defendant for exceeding the registered gross weight of his vehicle.

3. During his investigation, Officer Yount requested Officer Gale's assistance; Officer Gale is a law enforcement officer with the United States Forest Service.

4. Officer Gale concluded that Defendant's "Forest Products Removal Permit and Cash Receipt" (the "permit") was not properly filled in or completed.

5. Officer Gale concluded that the permit was (1) filled out after-the-fact; (2) inaccurate as to the amount of wood actually harvested, and (3) incomplete.

6. Violations of the permit's conditions can result in cancellation, legal action, confiscation of the wood harvested, and/or citation. (*See* Pl.'s Ex. 2).

7. Defendant was cited by Officer Gale under 36 C.F.R. § 261.10(l) for violating the terms and/or conditions of a special-use authorization - in this case, the permit.

    A.  **Filling Out the Permit**

8. The permit's terms and conditions clearly require that it be completed in ink prior to transporting any harvested wood. (*See* Pl.'s Ex. 2).

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER - 2**

9. During the September 18, 2007 traffic stop, Defendant presented Officer Yount with the at-issue permit.

10. Defendant insists that the permit was filled out prior to transportation.

11. Neither Officer Yount nor Officer Gale saw Defendant fill out the permit. Further, neither Officer Yount nor Officer Gale saw Defendant with a pen in his hand.

12. Still, Officer Yount suspected that Defendant did not timely fill out the permit based upon the hasty appearance of the permit as filled out, coupled with Defendant's confusing reference to "9-18/2 Cod" written across the permit's face which was not contained within the appropriate columns and/or lines.

### B. Amount of Wood Harvested and Transported

13. The permit's terms and conditions implicitly require the accurate representation of the amount of wood actually harvested. (*See* Pl.'s Ex. 2).

14. Written in ink across the face of the permit is the following reference: "9-18/2 Cod." (*See* Pl.'s Ex. 1).

15. While the "9-18/2 Cod" notation is not written within the boundaries of the "quantity removed" column of the permit, Defendant's reference to "9-18/2 Cod" refers to two cords of wood, harvested on September 18, 2007.

16. Officer Gale cited Defendant for not accounting for the combined three to four cords of wood that Defendant and his acquaintance had loaded in their respective vehicles.

17. Officers Yount and Gale testified that Defendant claimed ownership of both vehicles' loads of harvested wood at the time Defendant was stopped and later interrogated.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER - 3**

18. Defendant concedes claiming ownership to the wood loaded in his own vehicle; however, Defendant insists that he never claimed ownership of the wood loaded in his acquaintance's vehicle.

19. Defendant's acquaintance was permitted to subsequently fill out a permit for the wood that was transported within his vehicle; this new permit retroactively accounted for only the harvested wood in Defendant's acquaintance's vehicle.

20. Defendant's acquaintance was permitted to retrieve the wood in his own vehicle.

21. Regardless of the motive behind allowing Defendant's acquaintance to submit a permit after-the-fact, there now exists two permits accounting for the total volume of approximately three to four cords of wood harvested by both Defendant and his acquaintance.

### C. Completion of the Permit

22. The permit's terms and conditions require that it be fully and accurately completed. (*See* Pl.'s Ex. 2).

23. Specified columns and rows for the entry of the date, time, and quantity of wood removed are identified in no uncertain terms on the permit's face. (*See* Pl.'s Ex. 1).

24. Defendant's lone reference to "9-18/2 Cod" written across the face of the permit is insufficient to satisfy this clear, unambiguous, straightforward, and necessary term/condition.

25. Further, the reference to the "time" the at-issue wood was removed is altogether absent from the permit. (*See Id.*)

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER - 4**

### III. CONCLUSIONS OF LAW

To the extent any of the above findings of fact are deemed to be conclusions of law, they are incorporated by reference into these conclusions of the law. The Court makes the following Conclusions of Law:

1. The United States must prove the following elements beyond a reasonable doubt in order for Defendant to be found guilty of violating a special-use authorization, contract, or approved operating plan, in violation of Title 16, United States Code, Section 551 and Title 36, Code of Federal Regulations, Section 261.10(l):

   a. The permit is a special-use authorization; and

   b. Defendant violated any term or condition of the permit by filling out the permit after-the-fact; or

   c. Defendant violated any term or condition of the permit by inaccurately filling out the permit as to the amount of wood actually harvested; or

   d. Defendant violated any term or condition of the permit by incompletely filling out the permit.

2. The United States proved beyond a reasonable doubt that the permit is a special-use authorization.

3. While Plaintiff may have suspected that Defendant only filled out the permit *after* being stopped by Officer Yount, it cannot be said that Defendant, in fact, failed to fill out the permit *prior* to transporting the harvested wood.

4. Without more, the record is insufficient to conclude beyond a reasonable doubt that Defendant failed to fill out the permit prior to transporting the harvested wood; therefore,

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER - 5**

Defendant did not violate this particular term or condition of the permit.

5. The United States did not prove beyond a reasonable doubt that Defendant violated any term or condition of the permit by allegedly filling out the permit after-the-fact.

6. There is no evidence that the permit at issue fails to take into account the remaining amount of wood, two cords, transported only by Defendant in his vehicle; therefore, Defendant did not violate this particular term or condition of the permit.

7. The United States did not prove beyond a reasonable doubt that Defendant violated any term or condition of the permit by inaccurately filling out the permit as to the amount of wood actually harvested.

8. While Defendant's cryptic notation may very well reference (1) a September 18, 2007 harvest and/or transport date, and (2) two cords of wood, it is not Plaintiff's obligation to decipher such ambiguous wording.

9. It is without dispute that the permit was filled out improperly; whatever information is provided on the permit is outside the clearly-designated areas of the permit and, consequently, without justification.

10. While these shortcomings constitute technical deficiencies, such requirements are nonetheless necessary toward ensuring the efficient regulation of this finite natural resource and the ultimate goal of sustainable use; therefore, Defendant violated this particular term or condition of the permit.

11. The United States did prove beyond a reasonable doubt that Defendant violated a term or condition of the permit by incompletely filling it out.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER - 6**

Accordingly, only to the extent described above, Defendant is found guilty of violating Title 16, United States Code, Section 551 and Title 36, Code of Federal Regulations, Section 261.10(l), on or about September 18, 2007, as alleged in the April 7, 2008 Information.

## IV. ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendant is NOT GUILTY of failing to complete the Forest Products Removal Permit and Cash Receipt before transporting his harvested load.

2. Defendant is NOT GUILTY of harvesting more wood than the amount reflected on the Forest Products Removal Permit and Cash Receipt.

3. Defendant is GUILTY of failing to properly complete the Forest Products Removal Permit and Cash Receipt.

4. Defendant is ORDERED to pay $125.00.

5. Defendant is further ORDERED to forfeit any rights to the wood impounded by Plaintiff and it is considered confiscated as provided in the permit.

DATED: **May 1, 2008.**

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER - 7**